# V̲LADECK̲, R̲ASKIN̲ & C̲LARK̲, P.C.

ANNE L. CLARK
212.403.7332
ACLARK@VLADECK.COM

June 22, 2020

B̲Y̲ ECF
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Defendant shall file a letter response by June 29, 2020.**

**So Ordered.**

**Dated: June 23, 2020**
**New York, New York**

L̲ORNA̲ G. S̲CHOFIELD̲
U̲NITED̲ S̲TATES̲ D̲ISTRICT̲ J̲UDGE̲

Re:   Mary Corradino v. Liquidnet Holdings and Seth Merrin
      No. 19 Civ. 10434 (LGS)

Dear Judge Schofield:

We represent plaintiff Mary Corradino ("Corradino" or "plaintiff") in the above-captioned matter against defendants Liquidnet Holdings, Inc. ("Liquidnet") and Seth Merrin ("Merrin") (collectively, "defendants").

We write in accordance with Your Honor's Individual Rule II.B to request respectfully the Court's intervention in four discovery issues. As explained in more detail below, plaintiff respectfully requests that the Court compel defendants to provide (1) information concerning Liquidnet's investigation into Corradino's complaints, (2) documents reflecting other discrimination complaints dating back to 2008, (3) information concerning Merrin's net worth, and to (4) continue to search for responsive electronically-stored information ("ESI"). Pursuant to Your Honor's Individual Rule II.I.C.3, plaintiff has conferred with defendants regarding these issues; the parties have been unable to resolve the issues amongst themselves.

### Background

Corradino is a former Liquidnet Human Resources executive who endured for years sexual harassment by Merrin, Liquidnet's former Chief Executive Officer, and other members of Liquidnet senior leadership. When Corradino summoned the courage to complain about this mistreatment and file this lawsuit, the Company retaliated by telling her that she had a choice: she could dismiss her lawsuit and submit to a secret arbitration process or she would lose her job. When Corradino was unwilling to forego her rights, Liquidnet fired her. Corradino brings this action against defendants to remedy sexual exploitation and retaliation in violation of the Trafficking Victims Protection Act, 18 U.S.C.A. §§ 1591 and 1595 ("TVPA"). In addition, Corradino brings this action to remedy sex discrimination and retaliation for opposition to unlawful

Honorable Lorna G. Schofield, U.S.D.J.
June 22, 2020
Page 2

practices in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296, and the New York City Human Rights Law, New York City Administrative Code, § 8–107(1)(a).

### Documents Concerning Defendants' Investigation

Defendants refuse to produce documents regarding their investigation into Corrradino's complaints on privilege grounds. As an initial matter, neither the attorney-client privilege nor the work-product privilege apply to an investigation that defendants conducted for a business—rather than legal—purpose.[1] Here, defendants' investigator contacted plaintiff on multiple occasions in December 2019 with the knowledge that plaintiff was represented.[2] Were defendants' investigation conducted, as defendants now claim, for a legal purpose, such direct communication would violate the "no contact" rule, which applies to attorneys as well as "[a]gents for lawyers, such as investigators."[3] Accordingly, we presume that the investigation's purpose was not legal. Moreover, defendants produced documents explaining that Liquidnet's company policy is to investigate all complaints of harassment. Such an investigation is plainly business-related.

Even if defendants' investigation were conducted for legal purposes, which it was not, defendants waived any such privilege by placing the investigation at issue. See Joint Letter to Judge Schofield dated January 16, 2020 (Dkt. 21 at 4) (explaining that the external firm Liquidnet hired to investigate Corradino's claims was "unable to corroborate" the claims, which the firm purportedly characterized as "salacious" and "lacking merit.").[4] Accordingly, plaintiff is entitled to receive documents concerning defendants' retention of this external firm in order to evaluate the results of the investigation on which defendants apparently intend to rely.[5]

### Other Complaints of Discrimination

Additionally, plaintiff can show good cause as to why, contrary to defendants' objections, defendants should produce documents dated January 1, 2008 onward reflecting other complaints

---

[1] See Koumoulis v. Indep. Fin. Mktg. Grp., Inc., 295 F.R.D. 28, 45 (E.D.N.Y. 2013), aff'd, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (documents relating to employer's investigation into discrimination complaints not privileged where the "predominant purpose" of the communications "was to provide human resources and thus business advice, not legal advice."); see also In re Cty. of Erie, 473 F.3d 413, 421 (2d Cir. 2007) ("When an attorney is consulted in a capacity other than as a lawyer . . . that consultation is not privileged.")

[2] Defendants have since claimed that the investigator's attempt to contact Corradino were "inadvertent." Not only did the investigator send these emails weeks after Corradino, through counsel, filed and served her lawsuit, but he, in his emails, referenced this case's docket number. Defendants cannot dispute that they were aware, at the time they caused these communications to be sent, that Corradino was represented.

[3] New York State Rules of Prof'l Conduct R. 4.2 (2018); Niesig v. Team I, 76 N.Y.2d 363, 368 (1990).

[4] Defendants claim that they have not waived privilege because they did not assert an affirmative defense in their answer to the Complaint. As defendants have not, in fact, answered the Complaint, cf. FRCP 12(a)(4)(A)), defendants have not asserted any affirmative defenses or denied any allegations.

[5] See Koumoulis, 295 F.R.D. at 41 (granting in part plaintiff's motion to compel where defendants put the investigation at issue by raising a Faragher-Ellerth defense).

Honorable Lorna G. Schofield, U.S.D.J.
June 22, 2020
Page 3

of discrimination or harassment against Merrin or Liquidnet. Here, plaintiff has alleged claims under the TVPA, which has a ten-year statute of limitations. See 18 U.S.C. § 1595. These claims are based on a pattern of conduct to which defendants subjected Corradino over the course of her nearly 15-year career. Particularly as Corradino has alleged facts to demonstrate a continuing violation,[6] her requests for discovery into complaints regarding defendants' harassment and discrimination are far from overbroad.

### Merrin's Compensation

Defendants also refuse, on grounds of purported irrelevance, to produce information from Merrin's personnel file concerning his compensation. Information concerning Merrin's compensation is undoubtedly relevant, as "the court may take a defendant's financial circumstances, wealth, or net worth into consideration when determining the exemplary damages to be awarded. . . ." See Wade v. Sharinn & Lipshie, P.C., No. CV 07-2838(DRH)(AKT), 2009 WL 37521, at *1 (E.D.N.Y. Jan. 7, 2009) (internal citations omitted) (granting motion to compel discovery of information concerning defendants' finances). As Corradino seeks punitive damages, defendants should produce information concerning Merrin's compensation without delay.[7]

### Other ESI Issues

Finally, defendants contend that they are not obligated to continue searching for responsive ESI, purportedly because they have exceeded the presumptive 160-hour cap under Your Honor's Individual Rule II.A.1.d. Plaintiff has requested and defendants have agreed to produce time records reflecting time spent reviewing and producing responsive ESI; plaintiff will review these records once she receives them to determine whether she will challenge this position.

Respectfully submitted,

/s

Anne L. Clark

---

[6] See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) ("Provided than an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered. . . ."); Ali v. Khan, 336 F. Supp. 3d 901, 910 (N.D. Ill. 2018) (allowing TVPA plaintiff "to reach back to the beginning of a claim even if that beginning lies outside of the statutory period.").

[7] Although courts in this Circuit have delayed disclosure of evidence regarding a defendants' financial circumstances until after a finding of liability, many of these cases rely on state law, which is inapplicable to questions of discoverability in this case. See Pasternak v. Dow Kim, 275 F.R.D. 461, 463 n. 2 (S.D.N.Y. 2011) (discussing the difference between state and federal law and noting that "[the Second Circuit] has not held that financial discovery such as that sought here may only be taken after a liability determination); Hazeldine v. Beverage Media, Ltd., No. 94 CIV. 3466 (CSH), 1997 WL 362229, at *3 (S.D.N.Y. June 27, 1997) (compelling discovery of financial information).

1106363 v1