## VLADECK, RASKIN & CLARK, P.C.

ANNE L. CLARK<br>
212.403.7332<br>
ACLARK@VLADECK.COM

June 22, 2020

B<u>Y</u> ECF
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Mary Corradino v. Liquidnet Holdings and Seth Merrin</u>
            <u>No. 19 Civ. 10434 (LGS)</u>

Dear Judge Schofield:

      We represent plaintiff Mary Corradino ("Corradino" or "plaintiff") in the above-captioned matter against defendants Liquidnet Holdings, Inc. ("Liquidnet") and Seth Merrin ("Merrin") (collectively, "defendants").

      We write in accordance with Your Honor's Individual Rule II.B to request respectfully the Court's intervention in four discovery issues. As explained in more detail below, plaintiff respectfully requests that the Court compel defendants to provide (1) information concerning Liquidnet's investigation into Corradino's complaints, (2) documents reflecting other discrimination complaints dating back to 2008, (3) information concerning Merrin's net worth, and to (4) continue to search for responsive electronically-stored information ("ESI"). Pursuant to Your Honor's Individual Rule III.C.3, plaintiff has conferred with defendants regarding these issues; the parties have been unable to resolve the issues amongst themselves.

Background

      Corradino is a former Liquidnet Human Resources executive who endured for years sexual harassment by Merrin, Liquidnet's former Chief Executive Officer, and other members of Liquidnet senior leadership. When Corradino summoned the courage to complain about this mistreatment and file this lawsuit, the Company retaliated by telling her that she had a choice: she could dismiss her lawsuit and submit to a secret arbitration process or she would lose her job. When Corradino was unwilling to forego her rights, Liquidnet fired her. Corradino brings this action against defendants to remedy sexual exploitation and retaliation in violation of the Trafficking Victims Protection Act, <u>18 U.S.C.A. §§ 1591</u> and <u>1595</u> ("TVPA"). In addition, Corradino brings this action to remedy sex discrimination and retaliation for opposition to unlawful

Honorable Lorna G. Schofield, U.S.D.J.
June 22, 2020
Page 2

practices in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296, and the New York City Human Rights Law, New York City Administrative Code, § 8–107(1)(a).

## Documents Concerning Defendants' Investigation

Defendants refuse to produce documents regarding their investigation into Corrradino's complaints on privilege grounds. As an initial matter, neither the attorney-client privilege nor the work-product privilege apply to an investigation that defendants conducted for a business—rather than legal—purpose.[1] Here, defendants' investigator contacted plaintiff on multiple occasions in December 2019 with the knowledge that plaintiff was represented.[2] Were defendants' investigation conducted, as defendants now claim, for a legal purpose, such direct communication would violate the "no contact" rule, which applies to attorneys as well as "[a]gents for lawyers, such as investigators."[3] Accordingly, we presume that the investigation's purpose was not legal. Moreover, defendants produced documents explaining that Liquidnet's company policy is to investigate all complaints of harassment. Such an investigation is plainly business-related.

Even if defendants' investigation were conducted for legal purposes, which it was not, defendants waived any such privilege by placing the investigation at issue. See Joint Letter to Judge Schofield dated January 16, 2020 (Dkt. 21 at 4) (explaining that the external firm Liquidnet hired to investigate Corradino's claims was "unable to corroborate" the claims, which the firm purportedly characterized as "salacious" and "lacking merit.").[4] Accordingly, plaintiff is entitled to receive documents concerning defendants' retention of this external firm in order to evaluate the results of the investigation on which defendants apparently intend to rely.[5]

## Other Complaints of Discrimination

Additionally, plaintiff can show good cause as to why, contrary to defendants' objections, defendants should produce documents dated January 1, 2008 onward reflecting other complaints

---

[1] See Koumoulis v. Indep. Fin. Mktg. Grp., Inc., 295 F.R.D. 28, 45 (E.D.N.Y. 2013), aff'd, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (documents relating to employer's investigation into discrimination complaints not privileged where the "predominant purpose" of the communications "was to provide human resources and thus business advice, not legal advice."); see also In re Cty. of Erie, 473 F.3d 413, 421 (2d Cir. 2007) ("When an attorney is consulted in a capacity other than as a lawyer . . . that consultation is not privileged.")

[2] Defendants have since claimed that the investigator's attempt to contact Corradino were "inadvertent." Not only did the investigator send these emails weeks after Corradino, through counsel, filed and served her lawsuit, but he, in his emails, referenced this case's docket number. Defendants cannot dispute that they were aware, at the time they caused these communications to be sent, that Corradino was represented.

[3] New York State Rules of Prof'l Conduct R. 4.2 (2018); Niesig v. Team I, 76 N.Y.2d 363, 368 (1990).

[4] Defendants claim that they have not waived privilege because they did not assert an affirmative defense in their answer to the Complaint. As defendants have not, in fact, answered the Complaint, cf. FRCP 12(a)(4)(A)), defendants have not asserted any affirmative defenses or denied any allegations.

[5] See Koumoulis, 295 F.R.D. at 41 (granting in part plaintiff's motion to compel where defendants put the investigation at issue by raising a Faragher-Ellerth defense).

Honorable Lorna G. Schofield, U.S.D.J.
June 22, 2020
Page 3

of discrimination or harassment against Merrin or Liquidnet. Here, plaintiff has alleged claims under the TVPA, which has a ten-year statute of limitations. See 18 U.S.C. § 1595. These claims are based on a pattern of conduct to which defendants subjected Corradino over the course of her nearly 15-year career. Particularly as Corradino has alleged facts to demonstrate a continuing violation,[6] her requests for discovery into complaints regarding defendants' harassment and discrimination are far from overbroad.

### Merrin's Compensation

Defendants also refuse, on grounds of purported irrelevance, to produce information from Merrin's personnel file concerning his compensation. Information concerning Merrin's compensation is undoubtedly relevant, as "the court may take a defendant's financial circumstances, wealth, or net worth into consideration when determining the exemplary damages to be awarded. . . ." See Wade v. Sharinn & Lipshie, P.C., No. CV 07-2838(DRH)(AKT), 2009 WL 37521, at *1 (E.D.N.Y. Jan. 7, 2009) (internal citations omitted) (granting motion to compel discovery of information concerning defendants' finances). As Corradino seeks punitive damages, defendants should produce information concerning Merrin's compensation without delay.[7]

### Other ESI Issues

Finally, defendants contend that they are not obligated to continue searching for responsive ESI, purportedly because they have exceeded the presumptive 160-hour cap under Your Honor's Individual Rule II.A.1.d. Plaintiff has requested and defendants have agreed to produce time records reflecting time spent reviewing and producing responsive ESI; plaintiff will review these records once she receives them to determine whether she will challenge this position.

A telephonic pre-motion conference will be held on **July 9, 2020, at 10:40 a.m.** The time of the conference is approximate, but the parties shall be ready to proceed by that time.

By **July 2, 2020**, the parties shall file a joint letter, providing the court with one telephone call-in number for a conference line, and if necessary a passcode. The parties shall ensure they are all dialed into the conference line by the appointed conference time. If the parties are not able to arrange a conference line, they shall contact the Courtroom Deputy, Mr. James Street, at 212-805-4553, as soon as possible and no later than July 2, 2020, at noon, to make other arrangements.

So Ordered.

The Clerk of Court is respectfully requested to close the motion at Dkt. No. 45.

Dated: June 30, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

1106363 v1