VLADECK, RASKIN & CLARK, P.C.

ANNE L. CLARK
212.403.7332

July 25, 2020

It is ORDERED that, for substantially the reasons stated by Plaintiff herein, Mr. Deming shall make himself available for the noticed deposition, and Plaintiff need not compensate Mr. Deming for his attendance, preparation or travel beyond the compensation required by statute.

Dated: July 27, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   Mary Corradino v. Liquidnet Holdings and Seth Merrin
      No. 19 Civ. 10434 (LGS)

Dear Judge Schofield:

We represent plaintiff Mary Corradino ("Corradino" or "plaintiff") in the above-captioned employment matter against Liquidnet Holdings, Inc. ("Liquidnet" or the "Company") and Seth Merrin ("Merrin") (collectively, "defendants"). We write on behalf of all parties in accordance with Your Honor's Individual Rule II.B to request respectfully the Court's intervention in a discovery issue related to the deposition of Philip Deming ("Deming"), an outside investigator Liquidnet hired to investigate plaintiff's claims.

Plaintiff notified defendants this week of her intention to depose Philip Deming, whom defendants retained to investigate Corradino's complaints. On July 20, 2020, plaintiff wrote to defendants to inquire as to Deming's availability for a deposition. In response, defendants wrote, "If Mr. Deming is to be deposed, then Plaintiff will have to pay for Mr. Deming's preparation time and deposition time at his customary hourly rate." Defendants further explained that "[i]f Mr. Deming is to give up time that would otherwise be spent earning a living in connection with a deposition, then he should be compensated for the time spent preparing for the deposition and testifying."

Plaintiff's Position:

Fact witnesses deposed pursuant to Fed R. Civ. P. 26 "are entitled to nominal statutory compensation [of $40 per day] for traveling to and attending depositions." Turner v. Delta Air Lines, Inc., No. 06 CV 1010NG, 2008 WL 222559, at *1 (E.D.N.Y. Jan. 25, 2008) (citing 28 U.S.C. § 1821). In contrast, a party seeking discovery from an expert witness "must pay the expert a 'reasonable fee' for the expert's time." Id.  Here, it cannot be disputed that Deming, who has

Honorable Lorna G. Schofield, U.S.D.J.
July 25, 2020
Page 2

personal knowledge of defendants' investigation, is a fact witness entitled only to the statutory rate of compensation.

In support of their position, defendants erroneously argue, citing Prasad v. MML Inv'rs Servs., Inc., No. 04 CIV. 380 (RWS), 2004 WL 1151735, at *2 (S.D.N.Y. May 24, 2004), that "[fact] witness[es] may be compensated for the time spent preparing to testify or otherwise consulting on a litigation matter in addition to the time spent providing testimony in a deposition or at trial." Prasad is inapposite. In that case, petitioners moved to strike the testimony of respondent's own fact witnesses on the grounds that respondent improperly compensated them. See Id. Although the Court held that such payments may be ethical, it did not address the issue of whether a party seeking deposition testimony may be required to pay a fact witness's hourly rates. Accordingly, while defendants may compensate Deming at a reasonable rate, they may not condition his availability for a deposition on plaintiff's willingness to do so.

For this reason, plaintiff respectfully requests that the Court compel defendants to produce Deming for a deposition.[1]

Defendants' Position:

In New York, fact witnesses may be compensated for their testimony. "Although the federal courts have reached varying conclusions as to the circumstances in which payments to a fact witness will be deemed improper, they are generally in agreement that a witness may properly receive payment related to the witness' expenses and reimbursement for time lost associated with the litigation." *Prasad v. MML Investors Servs.*, 2004 U.S. Dist. LEXIS 9289, * 12 (S.D.N.Y. May 24, 2004). "Of course, the court finds nothing improper in the reimbursement of expenses incurred by [the witness] in travelling to New York to provide [a party] factual information, or in the payment of a reasonable hourly fee for [his] time.") *Prasad,* 2004 U.S. Dist. LEXIS at *12, quoting *New York v. Solvent Chemical Company,* 166 F.R.D. 284, 289 (W.D.N.Y. 1996). In *Prasad,* this Court held that a compliance consultant was entitled to compensation at his regularly hourly rate for time spent preparing to testify at a deposition and for time spent testifying at a deposition or trial. *Id. See also Stafford v. Weight Watchers, Inc.*, 478 F. Supp. 2d 624 (S.D.N.Y. 2007) (approving defendants' noticing of plaintiff's physician's deposition as a fact witness and paying him $300.00/hour for his time spent testifying); (*Caldwell v. Cablevision Systems Corp.,* 86 AD3d 46, 52, (2d Dept 2011) (holding that where a fact witness is compensated for his or her losses incurred in connection with testifying, he or she does not stand to gain anything by testifying but rather is kept in the same position that he or she would have been in had that person's testimony not been required); *Finkelstein v. Lincoln Life*, 2012 N.Y. Misc. LEXIS 6924 (holding that a fact witness is not precluded from receiving more than the statutory fee for testifying, as he or she may

---

[1] Indeed, fact witnesses often face inconvenience in testifying. For example, defendants seek to depose plaintiff's sister, Elizabeth Corradino, an attorney. Like Mr. Deming, plaintiff's sister is "giving up time that she could otherwise spend" billing for her hours. However, that does not necessitate that a party pay more than the statutory fee.

1112155 v1

Honorable Lorna G. Schofield, U.S.D.J.
July 25, 2020
Page 3

be compensated for losses to income and stating where a professional is called to testify as a fact witness, he or she would sustain a loss of billable time to other clients).

      The other fact witnesses in this matter whom Plaintiff seeks to depose are all either current or, in some cases, former Liquidnet employees. In contrast, Mr. Deming is a professional, who charges $425 per hour for his services, and who would be giving up time that he could otherwise spend conducting investigations in order to prepare for and testify at a deposition. Accordingly, it is appropriate that he be compensated by Plaintiff both for his preparation time and for his time spent testifying at deposition.

      Respectfully submitted,

      /s/

      Anne L. Clark

1112155 v1